| | | | |
|---|---|---|---|
| Case No. | CV 17-2281 FMO (ASx) | Date | **May 11, 2017** |
| Title | **Lilia Nuno v. Wells Fargo Bank, N.A., et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff: | Attorney Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order Remanding Action

    Having reviewed and considered all the briefing filed with respect to plaintiff's Motion to Remand (Dkt. 16, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

    On January 30, 2017, plaintiff Lilia Nuno ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against Wells Fargo Bank, N.A. ("Wells Fargo") and NDeX West LLC, as Trustee ("NDeX") (collectively, "defendants") relating to the foreclosure of her home. (See Dkt. 1, Notice of Removal ("NOR") & Exh. A (Complaint)). On March 23, 2017, Wells Fargo removed the action to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. (See Dkt. 1, NOR at 1 & ¶ 2). On April 14, 2017, plaintiff filed the instant Motion challenging removal of the action. (See Dkt. 16, Motion). Based on the court's review of the NOR and the briefing on plaintiff's Motion, the court hereby remands this action to state court.

    In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2281 FMO (ASx) | Date | May 11, 2017 |
|---|---|---|---|
| Title | Lilia Nuno v. Wells Fargo Bank, N.A., et al. | | |

Title 28 U.S.C. § 1446(b)(1) requires a defendant to file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" While the 30-day time limit is procedural rather than jurisdictional, "the time limit is mandatory and a timely objection to a late petition will defeat removal[.]" Smith v. Mylan, Inc., 761 F.3d 1042, 1045 (9th Cir. 2014) (internal quotation marks omitted).

Here, plaintiff contends that defendant's removal was untimely. (See Dkt. 16, Motion at ¶¶ 14-15). According to Wells Fargo, its removal was timely because it filed the NOR on March 23, 2017. (See Dkt. 1 NOR at ¶ 4; Dkt. 21, Wells Fargo Bank, N.A.'s Opposition to Plaintiff's Motion to Remand ("Opp.") at 5-6). Wells Fargo calculates the 30-day period from February 21, 2017. (See Dkt. 1, NOR at ¶ 4; Dkt. 21, Opp. at 5). However, in its NOR, Wells Fargo states – without citation to any evidence – that it received service of process "via personal service on or about February 21, 2017." (Dkt. 1, NOR at ¶ 4). The use of "on or about" is not a fixed date but, rather, includes a range of dates. See, e.g., U.S. Fidelity & Guaranty Co. v. Robert Grace Contracting Co., 263 F. 283, 293 (3d Cir. 1920) (interpreting "on or about" in a contract to mean "within a reasonable time"); Cruz v. Guam Election Com'n, 2007 WL4097355, *9 (2007 Guam 14) ("'On or about' is not a fixed time, but means 'approximately,' or 'at or around the time specified.'") (citation omitted). As such, Wells Fargo could have been served on February 20 (or sooner), thus making its removal untimely. Having been served personally, Wells Fargo could have and should have provided the precise date on which it received personal service, but it did not. (See, generally, Dkt. 1, NOR at ¶ 4). Moreover, in response to plaintiff's Motion, Wells Fargo merely omits the "on or about" language from its Opposition, (see Dkt. 21, Opp. at 5), but cites the NOR as its evidence for that proposition. (See id.) (citing Dkt. 1, NOR at ¶ 4). By citing the NOR and omitting the "on or about" language in its Opposition brief, Wells Fargo appears to be misstating the evidence. In any event, the "on or about" statement in the NOR was merely an allegation, unsupported by any competent evidence. As with the NOR, Wells Fargo did not provide any evidence – such as a declaration under penalty of perjury – that it was actually served on February 21, 2017.[1] (See, generally, id.). Once plaintiff raised the issue of the timeliness of Wells Fargo's removal, it was incumbent upon Wells Fargo to provide admissible, summary judgment type evidence to meet its burden to establish by a preponderance of the evidence that its removal was proper. See, e.g., Garcia v. Wal-Mart Stores Inc., 207 F.Supp.3d 1114, 1121 (C.D. Cal. 2016) (noting that defendant is required to put forward "summary-judgment type evidence" to meet its burden on removal) (internal quotation marks omitted). In short, the court finds that Wells Fargo has not established by a preponderance of the evidence that its removal was timely, and therefore remands the action to state court. See 28 U.S.C. § 1446(b)(1); Smith, 761 F.3d at 1045 (The 30-day time limit "is mandatory and a timely objection to a late petition will defeat removal[.]") (internal quotation marks omitted).

Based on the foregoing, IT IS ORDERED THAT:

---

[1] Given this determination, the court does not address plaintiff's other contentions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 17-2281 FMO (ASx)** | Date | **May 11, 2017** |
|---|---|---|---|
| Title | **Lilia Nuno v. Wells Fargo Bank, N.A., et al.** | | |

    1.  Plaintiff's Motion to Remand **(Document No. 16)** is **granted**.

    2.  The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill Street, Los Angeles, California 90012, pursuant to 28 U.S.C. § 1447(c).

    3.  The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |